1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       EASTERN DISTRICT OF CALIFORNIA
10
                                  ----oo0oo----
11

12  SIERRA NEVADA FOREST
    PROTECTION CAMPAIGN, PLUMAS
13  FOREST PROJECT EARTH ISLAND
    INSTITUTE; and CENTER FOR
14  BIOLOGICAL DIVERSITY, non-
    profit organizations,
15                                        NO. CIV. S 04-2023 MCE GGH
             Plaintiffs,
16
         v.                               ORDER
17
    UNITED STATES FOREST SERVICE;
18  JACK BLACKWELL, in his
    official capacity as Regional
19  Forester, Region 5, United
    States Forest Service; and
20  JAMES M. PEÑA,

21           Federal Defendants,

22       and

23  QUINCY LIBRARY GROUP,
    an unincorporated citizens
24  group; and PLUMAS COUNTY,

25           Defendant-Intervenors.

26
27                                ----oo0oo----
28

                                      1

1

2       Following this Court's May 9, 2005 issuance of summary
3  judgment in favor of Defendants United States Forest Service,
4  Jack Blackwell, and James Peña (hereinafter "Forest Service"),
5  Plaintiffs filed a notice of appeal with the Ninth Circuit Court
6  of Appeals on May 13, 2005.  Concurrently with that appeal,
7  Plaintiffs also submitted a motion for injunction pending
8  appeal.  Pursuant to Rule 8(a)(1)(C) of the Federal Rules of
9  Appellate Procedure, Plaintiffs' motion asks this Court to enjoin
10 the Forest Service from awarding any timber sale contracts, which
11 implement the Meadow Valley Project ("MVP") at issue in this
12 litigation, pending final disposition of Plaintiffs' appeal.

13      In considering whether to grant an injunction pending
14 appeal, three factors must be assessed.  Plaintiffs, as the
15 moving party, must first show a strong likelihood of success on
16 the merits.  If that prerequisite is satisfied, Plaintiffs must
17 then show that the balance of irreparable harm favors their
18 position.  Finally, whether or not the public interest militates
19 in favor of an injunction must be considered. Warm Springs Dam
20 Task Force v. Gribble, 565 F.2d 549, 551 (9th Cir. 1977).
21 Assessment of both the second and third factors merges into a
22 single equitable judgment which must be weighed in the event that
23 the potential for irreparable environmental injury has been
24 established.  *See* id.

25      Plaintiffs have not shown a likelihood of success on the
26 merits of their claims in this case, as they must to qualify for
27 the "extraordinary remedy" of injunctive relief.  *See* Shelton v.
28 Nat'l Collegiate Athletics Ass'n, 539 F.2d 1197, 1199 (9th Cir.

2

1976).  In its May 9, 2005 Memorandum and Order granting summary judgment, this Court found that no Environmental Impact Statement was required because the Forest Service demonstrated that the MVP posed no significant effect on the environment either in terms of its impact to the California spotted owl, or with respect to increased fire risk.  The Court granted summary judgment in favor of the Forest Service as to those issues, which are the very same bases proffered by Plaintiffs in now attempting to again justify injunctive relief.  Consequently there is no likelihood of success on the merits and Plaintiffs cannot satisfy their initial hurdle in obtaining an injunction pending appeal.

   Even if Plaintiffs were to establish a likelihood of success on the merits, the balancing of equities entailed by the second and third Warm Springs factors still does not warrant the injunctive relief they seek.  The only irreparable harm identified by Plaintiffs in this case stems from the Forest Service's alleged violations of NEPA, NFMA and the QLG Act in allegedly increasing fire risk through implementation of the MVP and in degrading old forest area constituting suitable habitat for the California spotted owl.  (See Pls.' Mem. in Support of Mot. for Summ. J., 44:26-45:21;  Pls.' Mem. in Support of Injunction Pending Appeal, 6:2-6).  As indicated above, the Court has already determined that no such violations occurred.  In light of that determination there is no irreparable harm to Plaintiffs which must be balanced.

   Moreover, as set forth in the Court's Amended Memorandum and Order filed concurrently with this Order, the public interest also does not favor issuance of an injunction in this case.

1  Construction of the DFPZs encompassed within the MVP are designed
2  to reduce the risk of catastrophic wildfire which has threatened
3  the Meadow Valley community on at least two occasions since 1999.
4  In addition, as previously indicated the MVP seeks to promote
5  forest restructuring (and a return to conditions more closely
6  approximating pre-European settlement conditions) that will
7  achieve a more fire-resilient forest in the long run by opening
8  the canopy cover to facilitate the growth of more fire resistant
9  pine species.  Such long-term fire resilience, which not only
10 reduces the risk to Meadow Valley and surrounding communities,
11 improves firefighter safety and efficiency, and reduces the
12 potential for a devastating crown fire that could ultimately
13 impact old-growth forest habitat essential for species like the
14 California spotted owl, is also in the public interest.
15      For all these reasons, Plaintiffs' request for injunction
16 pending appeal is hereby DENIED.
17      IT IS SO ORDERED.
18 DATED: May 26, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

4